## LEE v. UNITED STATES.

### No. 9031.

Circuit Court of Appeals, Ninth Circuit.

Oct. 26, 1939.

Geo. H. Crandell, of Seattle, Wash., for appellant.

J. Charles Dennis, U. S. Atty., and F. A. Pellegrini and Gerald Shucklin, Asst. U. S. Attys., all of Seattle, Wash.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HANEY, Circuit Judge.

Appellant and five others were indicted in two counts, the first of which charged a conspiracy to violate the provisions of the White Slave Traffic Act, 18 U.S.C.A. § 398, contrary to 18 U.S.C.A. § 88, and the second of which charged a violation of 18 U.S.C.A. § 398. Appellant was acquitted on the second count, and has appealed from the judgment and sentence on the first count.

The first count charged that the conspiracy existed from July 4, 1936 to July 16, 1937, and alleged 13 overt acts. One overt act alleged was that June Allen on September 17, 1936, paid to appellant money which she had earned from her practice of prostitution, and another overt act alleged was that on October 15, 1936, appellant transported June Allen from Seattle, Washington, to Portland, Oregon.

June Allen testified that she met one Green in Seattle on July 4, 1936; that on July 8, 1936, she saw Green and one Purvis at Portland, where she was then practicing prostitution and agreed to go to Seattle for the same purpose. She was transported to Seattle by Green and Purvis on that day in Green's automobile. She was taken to Green's house where she engaged in prostitution on the following day and thereafter. On August 4, 1936, she met appellant for the first time. She testified: " * * * He drove past the house and waved at Mrs. Green. She said 'Don't wave back at him; that is Sonny Lee and if you do he will be back in half an hour'. He came back and asked Mrs. Green who was the girl. She called me to the kitchen, introduced me to him, and he asked me to go out with him and I went * * * I moved in with him on the 15th of August, 1936. I gave him all the money I made * * *"

She further testified that appellant took her to Portland in the latter part of September, 1936. She had placed several dresses in a bag, but when she arrived in Portland, they were missing. She found the clothes behind some furniture, subsequently, in Seattle. She testified: "I spoke to Mrs. Green about it and she told me Lee had placed clothes there so I couldn't take them". She stayed a night in Portland with appellant and had sexual intercourse with him.

Appellant's testimony is in sharp conflict with the foregoing testimony of June Allen. He denied most of June Allen's statements, and testified regarding his first meeting with her as follows: "I did not know if she was born here [Seattle] or raised here, or how she got here, or anything concerning that. I never discussed her coming from Portland to Seattle with

anybody. I never made any arrangement or agreement with anyone about bringing her to Seattle * * * I never discussed with her about coming from Portland to Seattle." There is no evidence to the contrary and there is nothing in the record from which the contrary may be inferred.

Appellant's motion for a directed verdict was denied. Appellant contends that the evidence is insufficient to show that he had any part in the alleged conspiracy. It is conceded that the evidence is insufficient to show that appellant was a party to the formation of the conspiracy. It is contended, however, that the evidence is sufficient to show that appellant joined the conspiracy, after its formation—not by joining in the agreement, but by the commission of the overt acts. While one "who commits an overt act with knowledge of the conspiracy is guilty", he "must know the purpose of the conspiracy, however, otherwise he is not guilty". Marino v. United States, 9 Cir., 91 F.2d 691, 696, 113 A.L.R. 975, certiorari denied, 302 U. S. 764, 58 S.Ct. 410, 82 L.Ed. 593. See also Craig v. United States, 9 Cir., 81 F.2d 816, 822, certiorari denied 298 U.S. 690, 56 S. Ct. 959, 80 L.Ed. 1408. Since there is no evidence to show that appellant knew of the existence of a conspiracy or its purpose, the verdict cannot be sustained. While there is sufficient testimony from which it might be inferred that appellant transported June Allen from Seattle to Portland for immoral purposes, he was not convicted of such an offense. He was convicted of the offense of conspiring to transport, cause to be transported and aiding and assisting in obtaining transportation of women for immoral purposes.

No evidence discloses that appellant was a party to the formation of the conspiracy, and there is no evidence to show that when he committed the overt acts he had knowledge of such a conspiracy.

Appellee relies on McDonald v. United States, 8 Cir., 89 F.2d 128, certiorari denied 301 U.S. 697, 57 S.Ct. 925, 81 L.Ed. 1352; Laska v. United States, 10 Cir., 82 F.2d 672, certiorari denied 298 U.S. 689, 56 S.Ct. 957, 80 L.Ed. 1407, and Skelly v. United States, 10 Cir., 76 F.2d 483. In these cases, a conspiracy to transport a kidnaped person in interstate commerce, and to exchange marked money received for unmarked money, was alleged. The defendants in those cases were not parties to the conspiracy at its formation, but par-

ticipated therein after payment of the ransom and release of the victim by exchanging marked money for unmarked money. As applicable here it can be seen that under those circumstances, knowledge of the conspiracy and its purpose could readily be inferred. In the instant case, however, a parallel is absent. The taking of money from June Allen by appellant supports no inference that appellant knew of a conspiracy to transport her in interstate commerce for immoral purposes.

Reversed.